1    David M. Crosby, Esq.
     Nevada Bar #3499
2    CROSBY & ASSOCIATES
     711 South Eighth Street
3    Las Vegas, Nevada 89101
     Phone: (702) 382-2600
4    Attorneys for Debtor(s)

5
                    UNITED STATES BANKRUPTCY COURT
6
                          DISTRICT OF NEVADA
7
                              * * * * *
8
     In the matter of:                )    Case No: BK-09-32126-LBR
9                                      )    Chapter 13
     JAMES W. RUSSELL, III and         )
10   SYLVIA J. RUSSELL                 )
                                       )
11                  Debtors.           )    Date:  7-29-10
                                       )    Time:  3:00 p.m.
12   _____  )    Kathleen A. Leavitt

13   **MOTION TO VALUE DEBTORS' PRINCIPAL RESIDENCE AND AVOID WHOLLY
     UNSECURED LIEN(S) ENCUMBERING SAME, TO MODIFY THE RIGHTS  OF
14   LIENHOLDERS AND OBJECTION TO LIENHOLDERS'
     PROOF(S) OF CLAIM, IF ANY**

15        Come Now Debtors, James W. Russell, III and Sylvia J. Russell, by and through

16   their legal counsel, David M. Crosby, Esq., of the law firm Crosby & Associates, who

17   respectfully move this Court to value Debtors' principal residence, determine the junior

18   lien of JP Morgan Chase Bank, N.A. successor by interest to Washington Mutual, to be

19   wholly unsecured, to avoid said wholly unsecured lien and to modify the rights of said

20   creditors accordingly including determining the claims (pursuant to proof(s) of claim which

21   such lienholder may file or have filed) to be unsecured where there is insufficient equity

22   in the residence to secure more than the first lien.

23        This Motion is brought pursuant to 11 U.S.C. §502(a), §506(a), §1322(b)(2), and

24   Bankruptcy Rules 3012 and 9014, the Points and Authorities set forth below and

25   ///

26

27

28   F:\Bankruptcy\Katthia's lien strip\Russell, MOTION TO AVOID LIEN, leavitt.wpd

all documents and pleadings on file herein.

Dated this __16th__ day of June, 2010.

CROSBY & ASSOCIATES

By: _____

David M. Crosby  Esq.
Attorney For Debtor(s)

- - - - - - - - - - - - -

**POINTS AND AUTHORITIES**

**I.**

**STATEMENT OF FACTS**

1.    Debtors filed a Chapter 13 petition in the United States Bankruptcy Court, District of Nevada on November 23, 2009.

2.    On the date of the petition, Debtors were the owners of real property used as their principal residence known and described as 1104 Nawkee Dr., Las Vegas NV 89031 (Exhibit "1") legally described as follows:

> Lot 3 in Block 7 of El Dorado-R1-90 # 3, SEC 28 TWP 19 RNG 61, as shown by map thereof on file in Book 45 of Plats, Page 18, in the Office of the County Recorder of Clark County, Nevada

> APN:  124-28-718-003

3.    The value of said principal residence at the time their Chapter 13 Petition was filed was $ 166,650.00 as set forth _____ an internet appraisal of subject property (Exhibit "2").

4.    Said property at the time _____ following liens allegedly evidenced by Promissory Notes and _____

2

First Mortgage:    (Exhibit "3")
Wells Fargo Bank, N.A.                          $ 170,147.00
c/o Gregory Wilde, Esq.
Wilde & Associates
208 South Jones Boulevard
Las Vegas, NV 89107
Loan # XXXXXX9368

Junior Mortgage:    (Exhibit "4")
JP Morgan Chase Bank, N.A. successor           $  99,221.78
by interest to Washington Mutual
National Payment Services
P.O.Box 24785
Columbus, OH 43224
Loan # XXXXXX7748

5.    As of the date Debtors' Chapter 13 Petition was filed no equity existed in said property above the claim of the first mortgage holder identified above. The claim of the junior mortgage holder identified above was wholly unsecured on the date of the Petition and if said property were foreclosed or otherwise sold at auction on that date there would be insufficient proceeds to pay anything to JP Morgan Chase Bank, N.A. successor by interest to Washington Mutual pursuant to its junior lien.

6.    Debtors declare that the junior claim of JP Morgan Chase Bank, N.A. successor by interest to Washington Mutual is unsecured and should be reclassified as unsecured to share pro rata with other general unsecured creditors through the debtors' Chapter 13 plan with any proofs of claim filed by it modified accordingly to document the claim as unsecured, and that the junior lien filed by JP Morgan Chase Bank, N.A. successor by interest to Washington Mutual as identified above encumbering subject property be properly avoided by Order of this Court.

II.

**LEGAL ARGUMENT**

A.    **A Wholly Unsecured Lien Encumbering Debtor's Principal Residence May be Avoided Because Modification is Authorized/Not Prohibited by 11 U.S.C. § 1322(b)(2).**

11 U.S.C. §1322(b)((2) provides in pertinent part:

3

1
2

(b) Subject to subsections (a) and © of this section, the plan may—
* * * * *

3
4
5

(2) modify the rights of holders of secured claims, other than a claim secured only by a security interest that is secured by an interest in real property that is the debtor's principal residence, .....

6   The junior claim by JP Morgan Chase Bank, N.A. successor by interest to

7   Washington Mutual identified above has no security in Debtors' residence based on the

8   fair market value of the property and as a result is not a "secured claim" as defined and

9   therefore not restricted by this section.

10  **B.    The Claim by Lienholder May be Bifurcated into Secured and Unsecured
11         Claims Pursuant to 11 U.S.C. §506(a).**

12      11 U.S.C. § 506(a)(1) provides in pertinent part:

13
14
15
16
17
18

(a)(1)  An allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under section 553 of this title, is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, or to the extent of the amount subject to setoff, as the case may be, and is an unsecured claim to the extent that the value of such creditor's interest or the amount so subject to setoff is less than the amount of such allowed claim.  Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition

19
20

In re Zimmer, 313 F.3d 1220, 1221 (9th Cir.2002), accepted what was the majority

21  view in the various circuits, that a, wholly unsecured lienholder is not entitled to the

22  protection of 11 U.S.C. §1322(b)(2).   The Court stated that a wholly unsecured

23  lienholder's claim can be modified and reclassified as a general unsecured claim

24  pursuant to 11 U.S.C. §506(a), despite the anti-modification language in §1322(b)(2).

25  **C.    Any Proof of Claim Filed by Named Lienholders Should be Conformed by
26         Order of This Court to any Modification of Their Rights Determined by This
            Court.**

27

28                                          4

11 U.S.C. § 502 provides that a claim of interest represented by proper Proof of Claim filed pursuant to section 501 is deemed allowed unless objected to.  Debtors herewith have objected to any and all Proofs of Claim which may have been filed by JP Morgan Chase Bank, N.A. successor by interest to Washington Mutual pursuant to its junior lien and request that any Proof(s) of Claim of same representing such claims be modified accordingly to unsecured claims consistent with the Order of this Court determining JP Morgan Chase Bank, N.A. successor by interest to Washington Mutual's junior claim to be wholly unsecured.

### III.

### CONCLUSION

Debtors respectfully request determination of value of Debtors' primary residence to be less than the amount of the first lien and argue that since the junior claim of JP Morgan Chase Bank, N.A. successor by interest to Washington Mutual is wholly unsecured it may be avoided and "stripped off" pursuant to 11 U.S.C. §1322(b)(2) and §506(a); that the said junior claim of JP Morgan Chase Bank, N.A. successor by interest to Washington Mutual be reclassified as general unsecured claims to be paid pro rata with other general unsecured creditors through the debtors Chapter 13 plan and that any Proofs of Claim of the lienholders be modified accordingly.

WHEREFORE, Debtors pray that this Court:

1.    Determine the value of Debtors' principal residence to be $ 166,650.00 or such other amount as may be less than the balance of the first lienholder as of the date of the Petition; and

2.    Avoid and extinguish JP Morgan Chase Bank, N.A. successor by interest to Washington Mutual's junior lien pursuant to 11 U.S.C. Section 506(a) upon completion of the Debtors' Chapter 13 plan; and

1          3.    Reclassify the junior claim of JP Morgan Chase Bank, N.A. successor by

2    interest to Washington Mutual as general unsecured claim to be paid pro rata with other

3    general unsecured creditors through the Debtors' Chapter 13 plan.

4          4.    Conform any Proofs of Claims filed by JP Morgan Chase Bank, N.A.

5    successor by interest to Washington Mutual pursuant to its junior lien to the unsecured

6    status of said claim as determined by this Court.

7          5.    Order such other relief as the Court may deem appropriate.

8

9    Dated this ⎰⎰ day of June, 2010.

10                             Respectfully Submitted:

11                             CROSBY & ASSOCIATES

12

13                 By:

14                            David M. Crosby, Esq.
                         Attorney for Debtor

6

| GENERAL INFORMATION | |
|---|---|
| PARCEL NO. | 124-28-718-003 |
| OWNER AND MAILING ADDRESS | RUSSELL JAMES W & SYLVIA J<br>1104 NAWKEE DR<br>NO LAS VEGAS NV 89031-1426 |
| LOCATION ADDRESS<br>CITY/UNINCORPORATED TOWN | 1104 NAWKEE DR<br>NORTH LAS VEGAS |
| ASSESSOR DESCRIPTION | ELDORADO-R1-90 #3<br>PLAT BOOK 45 PAGE 18<br>LOT 3 BLOCK 7<br><br>SEC 28 TWP 19 RNG 61 |
| RECORDED DOCUMENT NO. | * 19990309:02101 |
| RECORDED DATE | 03/09/1999 |
| VESTING | JOINT TENANCY |

*Note: Only documents from September 15, 1999 through present are available for viewing.

| ASSESSMENT INFORMATION AND SUPPLEMENTAL VALUE | |
|---|---|
| TAX DISTRICT | 250 |
| APPRAISAL YEAR | 2009 |
| FISCAL YEAR | 09-10 |
| SUPPLEMENTAL IMPROVEMENT VALUE | 0 |
| SUPPLEMENTAL IMPROVEMENT ACCOUNT NUMBER | N/A |

| REAL PROPERTY ASSESSED VALUE | | |
|---|---|---|
| FISCAL YEAR | 2009-10 | 2010-11 |
| LAND | 14000 | 12250 |
| IMPROVEMENTS | 66073 | 54222 |
| PERSONAL PROPERTY | 0 | 0 |
| EXEMPT | 0 | 0 |
| GROSS ASSESSED (SUBTOTAL) | 80073 | 66472 |
| TAXABLE LAND+IMP (SUBTOTAL) | 228780 | 189920 |
| COMMON ELEMENT ALLOCATION ASSD | 0 | 0 |
| TOTAL ASSESSED VALUE | 80073 | 66472 |
| TOTAL TAXABLE VALUE | 228780 | 189920 |

| ESTIMATED LOT SIZE AND APPRAISAL INFORMATION | |
|---|---|
| ESTIMATED SIZE | 0.23 Acres |
| ORIGINAL CONST. YEAR | 1990 |
| LAST SALE PRICE MONTH/YEAR | 203000<br>03/99 |
| LAND USE | 1-10 RESIDENTIAL SINGLE FAMILY |
| DWELLING UNITS | 1 |

| PRIMARY RESIDENTIAL STRUCTURE | | | | | |
|---|---|---|---|---|---|
| TOTAL LIVING SQ. FT. | 3105 | CARPORT SQ. FT. | 0 | ADDN/CONV | NONE |
| 1ST FLOOR SQ. FT. | 1654 | STORIES | TWO STORY | POOL | NO |
| 2ND FLOOR SQ. FT. | 1451 | BEDROOMS | 4 | SPA | NO |
| BASEMENT SQ. FT. | 0 | BATHROOMS | 3 FULL | TYPE OF CONSTRUCTION | FRAME STUCCO |
| GARAGE SQ. FT. | 736 | FIREPLACE | 2 | ROOF TYPE | CONCRETE TILE |



| Home Values | Local Info | Find a Pro | Broker / Agent Services |

Street Address

## 1104 Nawkee Dr North Las Vegas, NV 89031  ☆ Add to favorites



### Estimated Home Values: 

| | |
|---|---|
| eppraisal | $227,257 |
| Zillow.com | $276,500 |
| cyberhomes | $166,650 |

View Value Ranges

➜ **Get a detailed analysis report**

Pro

Publi

Bedr

Bath

Squa
Foota

Year

Local
• Cl
• M
• H

Helpf
• H
• L
• N
• Fi
• L
• R
• L

## Get a Detailed Property History Report!

Each report checks for:



☑ Neighborhood Information     ☑ Market Trends

☑ Subject Property            ☑ Comparable Properties
  • Owner Information            • Summary Statistics
  • Tax Assessor Data            • Property Details
  • Sales History and more!      • Bank Owned?

**Get Detailed Report**

Nor
Valu

Home

## Recently Sold Homes

List View     Map View

| Address | Sales Price | Sale Date | Bed/Bath | Sq. Ft. |
|---|---|---|---|---|
| 1841 Gentle Dawn Ave North Las Vegas, NV 89084 | $225,000 | 2/4/2010 | 4/3 | 2696 |

| | | | | |
|---|---|---|---|---|
| 1111 Calico Cactus Ln<br>North Las Vegas, NV 89031 | $225,000 | 12/14/2009 | 4/3 | 2747 |
| 6324 Black Oaks St<br>North Las Vegas, NV 89031 | $210,000 | 11/18/2009 | 4/3 | 2747 |
| 6049 Starpoint Rd<br>North Las Vegas, NV 89031 | $205,000 | 9/2/2009 | 4/4 | 3006 |
| 931 Crescent Moon Dr<br>North Las Vegas, NV 89031 | $193,000 | 8/19/2009 | 4/4 | 3006 |

**Recent Sales**

**What's My House Worth?**
Get a free home value estimate and view comparable homes in your area.
www.HouseValues.com

Ads by Google

# North Las Vegas Real Estate Professionals

**Real Estate Agent**
**Paul & Linda Watkins**
(702) 722-9360
**Cell Phone:**(702) 768-5398

North Las Vegas Real Estate Agents

**Contact a local
Real Estate Agent**
**Paul & Linda Watkins**
ReMax Associates
9330 W. Sahara Suite 210
Las Vegas, NV 89117

**(702) 722-9360**
Visit My Website





(requires registration)



Paul & Linda Watkins are active Real Estate
Investors. As Investors they are continually
examining the Las Vegas area market for the
best opportunities in Real Estate. Primarily
focusing on investment properties, or they will
gladly to help you find your Dream. They have
put together 2 teams one that exclusively
represents Investors who want to buy with
confidence at the Court House steps or
anywhere in the Clark County, and one that
helps people find their Dream Home. How can
we serve you?

**Become a local pro**

Home
Medi
Price

Numt

**All**
4%
Mg
CP/
www

**Are**
Aw
Hon
our
www

**Cer**
Fre
Add
$17
www

1104 Nawkee
Vegas, NV. 1
feet. 1104 Na
1104 Nawkee
population in
the population
age in North L
income is $0.

B6D (Official Form 6D) (12/07) - Cont.

In re    **James W. Russell, III,**
         **Sylvia J. Russell**

Case No. ___**09-32126**___

_____
Debtors

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | CODEBTOR | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| | | H W | J C | | | | | | |
| Account No. **41** | | | | **2002** | | | | | |
| **Diamond Resorts FS** **10600 W. Charleston Blvd.** **Las Vegas, NV 89135** | | C | | **Mortgage** | | | | | |
| | | | | Value $                0.00 | | | | **4,807.00** | **4,807.00** |
| Account No. **3068** | | | | **2007** | | | | | |
| **Toyota Motor Leasing** **Mail Drop FN22** **19001 S. Western Ave.** **Torrance, CA 90501-1106** | | C | | **Auto Loan** **2008 Lexus RX350 (lease vehicle)** | | | | | |
| | | | | Value $                0.00 | | | | **10,140.00** | **10,140.00** |
| Account No. **1000** | | | | **2004** | | | | | |
| **Washington Mutual Bank** **8524 W. Lake Mead Blvd.** **Las Vegas, NV 89128** | | C | | **Home equity loan** **1104 Nawkee Dr.** **N. Las Vegas, NV 89031** | | | | | |
| | | | | Value $          268,000.00 | | | | **98,097.00** | **244.00** |
| Account No. **9368** | | | | **1999** | | | | | |
| **Wells Fargo Home Mortgage** **7255 Baymeadows Wa** **Jacksonville, FL 32256** | | C | | **Mortgage** **1104 Nawkee Dr.** **N. Las Vegas, NV 89031** | | | | | |
| | | | | Value $          268,000.00 | | | | **170,147.00** | **0.00** |
| Account No. **0128** | | | | **Mortgage** | | | | | |
| **Wyndham Vacation Resorts** **8427 South Park Cr.** **Orlando, FL 32819** | | C | | **Wyndham Grand Desert (SURRENDER)** **265 E. Harmon** **Las Vegas, NV 89169** | | | | | |
| | | | | Value $                0.00 | | | | **35,000.00** | **35,000.00** |

Sheet __1__ of __1__ continuation sheets attached to
Schedule of Creditors Holding Secured Claims

| | | |
|---|---|---|
| Subtotal (Total of this page) | **318,191.00** | **50,191.00** |
| Total (Report on Summary of Schedules) | **353,168.00** | **85,168.00** |

Best Case Bankruptcy

FORM B10 (Official Form 10) Case 09-32126-lbr    Claim 5-1    Filed 01/25/10    Page 1 of 23

| UNITED STATES BANKRUPTCY COURT   DISTRICT OF NEVADA | | PROOF OF CLAIM |
|---|---|---|

Name of Debtor: **James W. Russell III, Sylvia Russell** | Case Number: **09-32126**

**RECEIVED & FILED**

**'10 JAN 25 P 2 :53**

**U.S. BANKRUPTCY COURT**
**MARY A. SCHOTT, CLERK**

Name of Creditor (The person or entity to whom the debtor owes money or property)
JP Morgan Chase Bank NA successor by interest to Washington Mutual

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

**Name and Address for Disbursements:**
JP Morgan Chase Bank, N.A.
National Payment Services
PO Box 24785
Columbus, OH 43224

☐ Check box if you have never received any notices from the bankruptcy court in this case.

☑ Check box if the address differs from the address on the envelope sent to you by the court.

Forward Correspondence/Notices to:
JP Morgan Chase Bank, N.A.
2901 Kinwest Pkwy
Irving, TX 75063-5812
Attn: Bankruptcy Department

THIS SPACE IS FOR COURT USE ONLY

Account or other number by which creditor identifies debtor:

XXXXXXXX 7748

Check here if this claim: ☐ replaces ☐ amends a previously filed claim, dated

**1. Basis for Claim**

☐ Goods sold
☐ Services performed
☑ Money loaned
☐ Personal injury/wrongful death
☐ Taxes
☐ Other _____

☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
☐ Wages, salaries, and compensation (fill out below)
  Your SS #: _____
  Unpaid compensation for services performed from
  _____ to _____
  (date)        (date)

**2. Date debt was incurred:** 6/3/2004

**3. If court judgment, date obtained:**

**4. Total Amount of Claim at Time Case Filed:** $99221.78
If all or part of your claim is secured or entitled to priority, also complete Item 5 or 6 below.
☑ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5. Secured Claim.**

☑ Check this box if your claim is secured by collateral (including a right of setoff).
Brief Description of Collateral: HELOC
☑ Real Estate ☐ Motor Vehicle
☐ Other
Value of Collateral: $

Amount of arrearage and other charges at time case filed included in secured claim, if any: $1124.3

**6. Unsecured Priority Claim.**

☐ Check this box if you have an unsecured priority claim
Amount entitled to priority $_____
Specify the priority of the claim:
☐ Wages, salaries, or commissions (up to $4000), * earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).
☐ Contribution to an employee benefit plan - 11 U.S.C. § 507(a)(4).
☐ Up to $1,800* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6).
☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to government units - 11 U.S.C. § 507(a)(8).
☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).
* Amounts are subject to adjustment on 4/1/98 and every 3 years thereafter with respects to cases commenced on or after the date of adjustment.

**7. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**8. Supporting Documents:** Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**9. Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

| Date | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): |
|---|---|
| 1/20/10 | /s/ Tina Batty   Telephone No: 866-520-6447 |

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

**EXHIBIT A**

**TO PROOF OF CLAIM**

CLAIMANT:  JP Morgan Chase Bank NA successor by interest to Washington Mutual

—— **BANKRUPTCY CASE** ————————————————————————————

CASE NUMBER: 09-32126

DEBTOR (S): James W. Russell III, Sylvia Russell

LOAN NUMBER: XXXXXXXX 7748

—— **SUMMARY** ——————————————————————————————

AS OF      11/23/2009

| | |
|---|---|
| The principal amount owing on the above loan was: | $98097.48 |
| Plus interest due in the amount of: | $1109.3 |
| Plus interest short balance of: | $0.00 |
| Plus escrow advances of: | $0.00 |
| Plus late charges of: | $15 |
| Less buydown balance of: | $0.00 |
| Less subsidy balance of: | $0.00 |
| Less borrower subsidy balance of: | $0.00 |
| Less forebearance suspense balance of: | $0.00 |
| Less borrower suspense balance of: | $0.00 |
| Less trustee suspense balance of: | $0.00 |
| Less miscellaneous suspense balance of: | $0.00 |
| Less other suspense balances of: | $0.00 |
| Plus: NSF fee: | $0 |
| Plus Annual fee: | $0 |
| Plus total expenses of: | $0 |
| For a total due in the amount of: | $99221.78 |

—— **ARREARAGES** ————————————————————————————

| | |
|---|---|
| Installment Payments: | $812.33 |
| Late charges: | $15 |
| Additional Interest | $296.97 |
| Unpaid Fees: | $0, 0 |
| Expenses: Foreclosure fees: | $0 |
| Bankruptcy fees: | $0 |
| Loss mitigation fees: | $0.00 |
| REO fees: | $0.00 |
| Additional liens: | $0 |
| Appraisal/BPO fees | $0 |
| Property taxes: | $0 |
| Property insurance: | $0 |
| MI premiums: | $0.00 |
| Utilities(water,etc.): | $0.00 |
| Property Preservation: | $0 |
| Title charges | $0 |
| Filing fee | $0 |
| Title report | $0 |
| Meet 3rd Party | $0.00 |
| Total expenses: | $0 |

**TOTAL ARREARAGE CLAIM:**    $1124.3

The above figures represent the delinquency at the time of filing and do not reflect payments received after the date of the filing of the bankruptcy

**US Bankruptcy Court Clerk**

Re: James W. Russell III, Sylvia Russell

Chapter 13          Case Number 09-32126

JP Morgan Chase Bank NA successor by interest to Washington Mutual

Account Number: XXXXXXXX 7748

Dear Clerk of the Court:

JP Morgan Chase Bank NA , , is filing a claim in the bankruptcy case referenced above. Enclosed are the following:

    1. Original Proof of Claim with attached supporting documents;

    2. Two copies of the Proof of Claim; and

    3. Self-addressed, stamped return envelope.

Please file the original Proof of Claim and acknowledge your receipt by date stamping one of the copies and returning it in the envelope provided.

If you have any questions, please contact the bankruptcy account officer, listed below.

Thank you for your attention to this matter.

Sincerely,

Tina Batty

( 866) 520-6447

David M. Crosby, Esq.
Nevada Bar #3499
CROSBY & ASSOCIATES
711 South Eighth Street
Las Vegas, Nevada 89101
Phone: (702) 382-2600
Attorneys for Debtor

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

* * * * *

| | | |
|---|---|---|
| In the matter of: | ) | Case No: BK-09-32126-LBR |
| | ) | Chapter 13 |
| JAMES W. RUSSELL, III and | ) | |
| SYLVIA J. RUSSELL | ) | |
| | ) | |
| Debtors. | ) | Date: 7-29-10 |
| | ) | Time: 3:00 p.m. |
| | ) | Kathleen A. Leavitt |

### ORDER GRANTING
### MOTION TO VALUE DEBTORS' PRINCIPAL RESIDENCE AND AVOID WHOLLY UNSECURED LIEN(S) ENCUMBERING SAME, TO MODIFY THE RIGHTS OF LIENHOLDERS AND OBJECTION TO LIENHOLDERS' PROOFS OF CLAIM, IF ANY

Debtors' **Motion to Value Debtors' Principal Residence and Avoid Wholly**

**Unsecured Lien(s) Encumbering Same, to Modify the Rights of Lienholders**

**and Objection to Lienholders' Proofs of Claim, If Any** having been duly filed and

served on Wells Fargo Home Mortgage and JP Morgan Chase Bank, N.A. successor

by interest to Washington Mutual and having come before this Court for hearing on

the date and at the time set forth above with Debtors appearing by and through their

legal counsel, Troy S. Fox, of the law firm of Crosby & Associates and none of the named lienholders/ lenders/servicers having appeared or otherwise having responded and good cause appearing therefor;

THE COURT HEREBY FINDS:

1.    On the date of the petition, Debtors were the owners of real property used as their principal residence known and described as 1104 Nawkee Dr., Las Vegas NV 89031 legally described as follows:

> Lot 3 in Block 7 of El Dorado-R1-90 # 3, SEC 28 TWP 19 RNG 61, as shown by map thereof on file in Book 45 of Plats, Page 18, in the Office of the County Recorder of Clark County, Nevada

> APN:  124-28-718-003

2.    The value of said principal residence at the time Debtor filed his Chapter 13 Petition was $ 166,650.00 which is less than the balance of the claim(s) of the first lienholder as of the date of the Petition.

3.    Said property at the time of filing was subject to the following liens evidenced by Promissory Notes and Deeds of Trust:

> First Mortgage:
> Wells Fargo Bank, N.A.                    $ 170,147.00
> c/o Gregory Wilde, Esq.
> Wilde & Associates
> 208 South Jones Boulevard
> Las Vegas, NV 89107
> Loan # XXXXXX9368

> Junior Mortgage:
> JP Morgan Chase Bank, N.A. successor      $   99,221.78
> by interest to Washington Mutual
> National Payment Services
> P.O.Box 24785
> Columbus, OH 43224
> Loan # XXXXXX7748

4.    That on the filing date of the instant Chapter 13 petition, the claim represented by the junior lien of JP Morgan Chase Bank, N.A. successor by interest to Washington Mutual was wholly unsecured and may therefore be avoided pursuant

1  to 11 U.S.C. Section 506(a) and §1322(b)(2) upon completion of the Debtors'

2  Chapter 13 plan; and

3      5.    Said claim is properly reclassified as a non-priority general unsecured

4  claim to be paid pro rata with other non-priority general unsecured creditors through

5  the Debtor's Chapter 13 plan; and

6      6.    That it is consistent with the above findings that any claim(s) as

7  identified in Proofs of Claims filed by JP Morgan Chase Bank, N.A. successor by

8  interest to Washington Mutual be modified to non-priority general unsecured status.

9      IT IS THEREFORE ORDERED THAT:

10     1.    The claim represented by the junior lien of JP Morgan Chase Bank,

11  N.A. successor by interest to Washington Mutual be and is herewith avoided and

12  "stripped off" from Debtors' principal residence upon completion of Debtor's Chapter

13  13 plan and shall henceforth be treated as a "non-priority general unsecured claim"

14  pursuant to 11 U.S.C. §506(a);

15     2.    That any Proofs of Claim filed by JP Morgan Chase Bank, N.A.

16  successor by interest to Washington Mutual be conformed to the findings herein as

17  non-priority general unsecured claims to be paid pro rata with other non-priority

18  general unsecured creditors through the Debtors' Chapter 13 plan.

19     3.    JP Morgan Chase Bank, N.A. successor by interest to Washington

20  Mutual shall retain its claim(s) for the full amount under the loans referenced above

21  in the event of either the dismissal of Debtors' Chapter 13 case or the conversion of

22  the Debtor's Chapter 13 case to any other Chapter under the United States

23  Bankruptcy Code.

24  ///

25  ///

26  ///

27  ///

28                                    3

Dated this ____ day of July, 2010.


Submitted By:

CROSBY & ASSOCIATES


_____
David M. Crosby, Esq.
Nevada Bar #3499
CROSBY & ASSOCIATES
711 South Eighth Street
Las Vegas, Nevada 89101
Attorneys for Debtor


Approved/Disapproved


_____
Kathleen A. Leavitt
Chapter 13 Trustee

## ALTERNATIVE METHOD RE: RULE 9021

In accordance with Local Rule 9021, counsel submitting this document
certifies as follows (check one):

_____ The court has waived the requirement of approval under LR 9021.

__X___ This is a chapter 7 or **13 case**, and either **with the motion**, or at the hearing, I have
delivered a copy of this proposed order to all counsel who appeared at the hearing, any
unrepresented parties who appeared at the hearing, and each has approved or disapproved the
order, or failed to respond, as indicated below [list each party and whether the party has
approved, disapproved, or failed to respond to the document]:**all parties listed on certificate
of mailing**

_____ This is a chapter 9, 11, or 15 case, and I have delivered a copy of this proposed order to
all counsel who appeared at the hearing, any unrepresented parties who appeared at the
hearing, and each has approved or disapproved the order, or failed to respond, as indicated
below [list each party and whether the party has approved, disapproved, or failed to respond to
the document]:

4

1    __X___ **I certify that I have served a copy of this order with the motion**, and no parties

2 appeared or filed written objections.

3

| CHAPTER 13 TRUSTEE: | APPROVED | DISAPPROVED | FAILED TO RESPOND |
|---|---|---|---|
| Kathleen A. Leavitt | | | |

I declare under penalty of perjury under the laws of the State of Nevada that the foregoing is true and correct.

/s/ Katthia Nunez Pelotte<br>An employee of Crosby & Associates

Submitted By:

CROSBY & ASSOCIATES

_____
David M. Crosby, Esq.